UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:

MICHAEL ANDREW SALAZAR                    Case No.  7-17-12502-JA
SARA MARIE SALAZAR
*fka* Sara Wade
*fka* Sara Shreve

                Debtors.

## <u>DEFAULT ORDER GRANTING HARLEY-DAVIDSON CREDIT CORP. RELIEF FROM AUTOMATIC STAY AND ABANDONMENT OF PROPERTY TO HARLEY-DAVIDSON CREDIT CORP. DESCRIBED AS A 2007 HARLEY-DAVIDSON FXDB DYNA STREET BOB, VIN: 1HD1GX41X7K311993</u>

This matter came before the Court on the Motion for Relief from Automatic Stay for the Abandonment of Property to Harley-Davidson Credit Corp., filed on January 2, 2018, (DOC 16) (the "Motion") by Harley-Davidson Credit Corp. ("Harley").  The Court, having reviewed the record and the Motion, and being otherwise sufficiently informed, FINDS:

(a)      On January 2, 2018, Harley served the Motion and a notice of the Motion (the "Notice") on Bonnie P. Bassan, Attorney for Debtor(s) and Yvette J. Gonzales, Trustee (the "Trustee") by use of the Court's case management and electronic filing system for the transmission of notices, as authorized

8015-084-B 6183517.docx mdb

by Fed.R.Civ.P. 5(b)(3) and NM LBR 9036-1, and on the Debtors Michael Andrew Salazar, and Sara Marie Salazar, by United States first class mail, in accordance with Bankruptcy Rules 7004 and 9014.

(b)     The Motion relates to the property described as a 2007 Harley-Davidson FXDB DYNA Street BOB, VIN: 1HD1GX41X7K311993

(c)     The Notice provided for an objection deadline of 21 days from the date of service of the Notice, to which three days was added pursuant to Bankruptcy Rule 9006(f);

(d)     The Notice was sufficient in form and content;

(e)     The objection deadline expired on January 26, 2018;

(f)     As of January 31, 2018, neither the Debtor nor the Trustee, nor any other party in interest, filed an objection to the Motion;

(g)     The Motion is well taken and should be granted as provided herein; and

(h)     By submitting this Order to the Court for entry, the undersigned counsel for Harley certifies under penalty of perjury that, on the date this order was presented Rose L. Brand & Associates, P.C. searched the data banks of the Department of Defense Manpower Data Center ("DMDC"), and found that the DMDC does not possess any information indicating that the Debtor is currently on active military duty of the United States.

IT IS THEREFORE ORDERED:

1.     Pursuant to 11 U.S.C. §362(d), Harley and any and all holders of liens against the Property, of any lien priority, are hereby are granted relief from the automatic stay:

(a)     To enforce its rights in the Property, including foreclosure of liens and a foreclosure sale, under the terms of any prepetition notes, mortgages, security agreements, and/or other agreements to which Debtors are parties, to the extent permitted by applicable non-bankruptcy law, such as by commencing or proceeding with appropriate action against the Debtors or the Property, or both, in any court of competent jurisdiction; and

(b)     To exercise any other right or remedy available to it under law or equity with respect to the Property.

2.     The Trustee is deemed to have abandoned the Property from the estate pursuant to 11 U.S.C. §554 as of the date of entry of this Order, and the Property therefore no longer is property of the estate.  As a result, Harley need not name the Trustee as a defendant in any state court action it may pursue to foreclosure liens against the Property and need not notify the Trustee of any sale of the Property.

3.     The automatic stay is not modified to permit any act to collect any deficiency or other obligation as a personal liability of the Debtors, in the event that a discharge order is entered.  The Debtors can be named as defendants in litigation to obtain judgment or to repossess the Property in accordance with applicable non-bankruptcy law, pursuant to any discharge order entered.

4.     This Order does not waive Harley's claim against the estate for any deficiency owed by the Debtors after any foreclosure sale or other disposition of the Property.  Harley may filed an amended proof of claim this bankruptcy case within thirty (30) days after a foreclosure sale of the Property, should it claim that Debtors owe any amount after the sale of the Property.

5.     This Order shall continue in full force and effect if this case is dismissed or converted to a case under another chapter of the Bankruptcy Code.

6.     This order is effective and enforceable upon entry.  The 14-day stay requirement of Fed.R.Bankr.P. 4001(a)(3) is waived.

XXX END OF ORDER XXX

RESPECTFULLY SUBMITTED:

ROSE L. BRAND & ASSOCIATES, P.C.

By: /s/Andrew Yarrington
ANDREW YARRINGTON
Attorney for Harley
7430 Washington NE
Albuquerque, NM 87109
Telephone: (505) 833-3036
Andrew.Yarrington@roselbrand.com


Copied to:

Michael Andrew Salazar
Sara Marie Salazar
Debtors
1705 32nd Street SE
Rio Rancho, NM 87124

Bonnie P. Bassan
Attorney for Debtors
1122 Central Ave. SW; Suite 1
Albuquerque, NM 87102
Telephone: 505-433-3097
bonniebassan@askewmazelfirm.com


Yvette J. Gonzales
Chapter 7 Trustee
PO Box 1037
Placitas, NM 87043-1037
Telephone: (505) 771-0700